Monday, March 21. The Judges delivered their opinions.
Judge Tucker.
The original parties to this suit, in Chancery, were Richard Byrd and Robert Pollard, complainants, against Thomas Cartwright, an absent defendant, and William Gooseley, executor of Allen Jones, James Davis,-- Burnish and Elizabeth Swann Burnish, his wife, administratrix of Richard Burnley, deceased, (two other absent defendants,) Joseph Brand, and Mary Bell Burnley, daughter and heir of Richard Burnley, deceased, an infant, since married to Edmund Brown, as debtors of Thomas Cartwright, and garnishees under the act of assembly .concerning absent debtors. The bill states a variety of matter, which I deem it unnecessary to parti-' cularize. A decree was obtained against Cartwright, under the act of assembly, and against James Davis, as a garnishee for him; Gooseley having answered and denied having any effects in his hands, and the accounts rendered by *118 hip. having been referred to a commissioner, whose report was favourable to him, the bill was dismissed as to him. It abated as to jBurnish, the husband of the administratrix, by his death ; a decree was made against Elizabeth S. Burnish, the administratrix of Richard Burnley, under the act of assembly concerning absent defendants ; but no person appears to have' been summoned as a garnishee for her ; nor is there any suggestion that she had any effects in tire hands of any person in this state, nor are the securities for her administration made parties to the suit. Edmund Brown answered in behalf of his wife, the daughter and heir of Burnley, “ denying every allegation in the “ bill,' asserting that Richard Burnley had complied with “ all his engagements, respecting the lands in question, “ and denying that he had any real assets in his possession “ of the late Richard Burnley, deceased, either by descent u or devise.” To this answer there was a general replication, without any exception taken thereto, nor was there any further process to compel his wife Mary to put in her separate answer. The cause was set for hearing on the motion of the plaintiffs, and coming on to be heard on the 6th day of June, 1800, was wo further prosecuted by the plaintiff, Richard Byrd, and was taken for confessed, against the absent defendants, and Joseph Brand, who was in contempt for not answering, and was heard on the bill, answers of the other defendants, and “ exhibits, among “ xvhich were the proceedings in two other causes in one of which, there was a decree, September 22, 1792, and in the other, a decree passed 29th of May, 1800. In neither of which cases does it appear that an appeal was prayed, or granted. The Chancellor in the case now before us, made a decree to the effect before stated, as to all the defendants, except Brown and wife, as to whom the bill was dismissed ; and except Joseph Brand, who was allowed till the next term after service of a copy of the decree, to shew cause against it. He appeared accordingly at the next term, and for reasons appearing to the Court, the decree as to him was set aside, and thereupon he put in *119 bis answer. In this, he admits, that he was security to a bond given by Richard Burnley to Thomas Cartwrimht, on account of the purchase of a tract of land called Doncastle’s. That it hath since been discovered that Cartwright had previously mortgaged the lands to Thomas Doncastle, so that the consideration for which the bond was given had altogether failed; and therefore that neither Burnley nor himself ought to be compelled to pay the bond; insists he is an innocent security to the bond, and knows of no way of reimbursing himself; and denies that he is indebted to Cartwright on any other account. It appears from the exhibits that the mortgage had actually been foreclosed, and the land sold.
On the 30th of September, 1802, the Chancellor setting aside so much of his former decree as related to Joseph Brand, dismissed the bill as to him ; and also made some alteration in the decree as to James Davis, allowing him his costs. The next day he set aside that decree, and finally dismissed the hill as to Brand: “ From which de- “ cree the plaintiff prayed an appeal.” The only parties who have appeared in this Court, are the appellant, Robert Pollard, and the appellee, Joseph Brand,
From this view of the case, which I found no small difficulty in comprehending at first, it will appear that the records in the two former suits are no otherwise before this Court, than as exhibits in the present suit. With the correctness and propriety of the several decrees therein pronounced, we have no more to do, than if they had been pronounced in another state, or a century ago. Consequently the arguments of the appellant’s counsel predicated upon the pendency of those suits, are wholly irrelevant to the present cause.
Of the decree against Cartwright, in this cause, there is no ground of complaint on the part of the appellant: he has obtained all he asked for against that defendant. So has he against James Davis, and against Elizabeth S. Burnish, administratrix of Richard Burnley, deceased. But we are told by the counsel the decree is erroneous in *120 not providing any expedient for the settlement of the ac • bount of that'defendant as administratrix of her first hits- * , band i?. Burnley. Was it the duty of the Court, or of ^ie or counse^ to point out the means by which absent defendant might be compelled to do what the interest of the plaintiff required ? Is the Court bound to inquire for proper parties, who might have money or effects, or the accounts of an absent defendant in their hands, without the aid or request of the complainant or his counsel. ? If such be the duty of a Court, what need is there of counsel ? Another error which the appellant’s counsel suggests, is, the dismission of the bill as to Gooseley. The decree as to that defendant, if not perfectly correct, is more favourable to the appellant than perhaps it ought to have been. A third error suggested is the dis-mission of the bill as to Mary Brown, the daughter of JR. Burnley, on the answer of her husband, which it is said is in no respect a proper answer. Why then was it not excepted to ? Why was there not process of contempt against the wife, to compel her to put in a separate answer ? Why was the cause set for trial as to these defendants as well as the others, on the motion of the plaintiff ? The answer of the husband in behalf of his xvife not being excepted to, was admitted as her answer. The general' replication put in issue the facts therein alleged, but did not.controvert the propriety of the answer, as the answer of the wife. No evidence was adduced to disprove a tittle of it. It stood then upon the footing of any other answer, being put in and sworn to by a real defendant in the cause, and as such was entitled to credit, not being disproved, or even contradicted. A further ground of complaint with the appellant’s counsel was, that the decree hath exonerated Joseph Brand, who was an innocent security for a purchaser, without notice, of lands, previously mortgaged by the seller ; which mortgage hath since been actually foreclosed, and the vendee of the purchaser, evicted. Neither the security nor the purchaser himself, can in such a case be made liable to thí gelj&r» because bis *121 concealment of the mortgage, to which he was not only sufficient ground to protect the security against the payment.(a) And although it has been urged that Burnley, the purchaser, sold the lands again, and received the purchase money, so that he sustained no loss by the mortgage, yet this does not alter the case, for he is still liable to recompence his vendee who has been evicted, and therefore shall not be compelled to pay his vendor, who sold under such fraudulent circumstances. Nor shall his security be liable to pay the money at the suit of one who may have an equity against such a fraudulent seller, because, where there is equal equity on both sides, melior est conditio defendeniis. Nor ought the security to be liable to Pollard ibr any equity which he might have against Burnley, (as I understood the counsel for Pollard to contend.,) for Brand was not the debtor of Burnley, but the debtor of Cart'wright, the fraudulent vendor to Burnley. Upon these grounds I am of opinion, that the decree ought to be affirmed. Leaving it, however, to the appellant to pursue his remedy against Cartwright, and against the absent administratrix of Burnley, by adding other parties in whose hands he may find money or effects, belonging to either of them, as garnishees.
Judge Roane,
considered this a very plain case, and that the decree ought to be affirmed. If the plaintiff thought proper to amend his bill and pursue other parties, he could see no objection to such a course.
Judge Fleming.
When this voluminous record, and
seemingly complicated case, comes to be inspected, it is reduced into a very narrow compass, and the present contest seems to be between Robert Pollard and Joseph *122 Brand, only ; the latter is not now, nor never was, otherwise interested, or concerned in the business, than as a security for Richard Burnley to Thomas Cartwright, in a bond executed thirty-two years ago, and given for the purchase money of a tract of land called Doncastle’s Tavern, to which he could convey to the purchaser no tide, having previously mortgaged the land to Thomas Doncastle, to secure the payment of 500l. which circumstance was concealed froih Burnley, and did not come to his knowledge for .several years after the transaction; which rendered the bond, I conceive, void in equity ; and, at least, exonerated the security, who was no ways concerned in interest, from his responsibility,
And let us see what are the appellant’s pretensions to charge the appellee Brand. Burnley, the first purchaser from Cartwright, sold his right to Adam Byrd, who agreed to give him, in part payment, a tract of land called Cochran Town, purchased of one Hill; but for which he had no deed of conveyance : Burnley sold to Butler and Butler to Pollard., after Hill had conveyed to Byrd; but no other deed had ever passed between the parties, of which Pollard had full notice, and took advice of counsel on the subject, before he made his improvident purchase of Butler as he confesses in his answer to the bill of Richard Byrd., Thomas Doncastle (to whom Cartwright had mortgaged the land called Doncastle’s, to secure the payment of 500/. as before noticed) being dead, the executors of his surviving executor brought a bill in the High Court of Chancery to foreclose the equity of redemption of the mortgaged premises, which was sold under a decree of the said Court, in April, 1793, to satisfy the debt due to Doncastle. Upon which Richard Byrd., who is heir of Adam Byrd., deceased, and who was a party complainant with Robert Pollard in the suit now before us, brought his bill against Pollard, to be indemnified out of Cochran Town, for the loss of Doncastles, and in May, 1800, it was decreed that he should convey Cochran Town to Pol *123 lard, on his paying him the sum of 500l. with interest from the 17th day of April, 1793, and the costs of the suit: and in default of payment, Cochran Town to be sold for that purpose.
The appellant, in his bill charges, “ that Richard Burn- “ ley in his life-time, and Joseph Brand, as his security, lc were indebted to the said Thomas Cartwright in a very “ considerable sum but carefully avoids stating on what consideration that debt arose.
It was urged in the argument, by the appellant’s counsel that he had paid the valuable consideration of eight hundred pounds, for Cochran Town, and therefore he ought to be reimbursed somewhere ; and that Burnley, who was the first purchaser under Cartwright, and sold to Byrd, had received full satisfaction from the latter.
This argument might be correct if it applied to Burnley and Cartwright only ; and the appellant, I conceive, has still an equitable right to pursue the estate and effects of either, or both, of them, wherever to be found ; until he shall receive full indemnification ; but it is not a good reason why Brand, the innocent security of Burnley to Cartwright, with whom the fraud, that has occasioned all the mischief, originated, should be answerable for all after transactions of Burnley through life ; and be harassed for twenty-five or thirty years, and be made responsible for what he never undertook, nor never had in contemplation.
The decree is to be affirmed, without prejudice to the appellant, who is at liberty by all lawful means to. pursue the estates of Burnley and Cartwright, wherever to be found, until he shall receive full indemnification for his loss.
Decree of the Superior Court of Chancery, unanimously affirmed, “ without prejudice to the appellant, to *124 “ whom liberty is reserved to pursue by all legal means, “ the estates of Burnley and Cartwright, wherever to be “ found, until he receives full indemnification for his “ loss,”

 1 Fonb. b. 1. c. 2. sect. 8. 1b. c. 3. sect. 4. note n.